**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIE SMITH, ) | 3:13-cv-00202-MMD-WGC |
| ) | |
| Plaintiff, ) | **MINUTES OF PROCEEDINGS** |
| ) | |
| vs. ) | March 3, 2014 |
| ) | |
| HOMES, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>Katie Lynn Ogden</u>   REPORTER: <u>               FTR               </u>

COUNSEL FOR PLAINTIFF:  <u>Willie Smith, Pro Se (Telephonically)            </u>

COUNSEL FOR DEFENDANT(S): <u>Raelene K. Palmer (Telephonically)            </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

9:58 a.m.  Court convenes.

The court addresses defendants' Motion for Change of Venue (Doc. # 13).[1]  The change of venue, if granted, would involve transferring this matter from the unofficial Northern Division of the United States District Court, District of Nevada ("Northern Division") to the unofficial Southern Division of the United States District Court, District of Nevada ("Southern Division").

The court initially notes that, pursuant to LR IA 8-1(a), plaintiff properly filed his civil rights action in the Northern Division because at the time of the commencement of his action he was housed at Ely State Prison, which is located in the unofficial Northern Division.

Having heard from the parties regarding the transfer, the court first expresses its concern that defendants' motion, if granted, may cause an unnecessary increase in the case load for the Southern Division.

The court briefly turns to review the criteria necessary for a favorable transfer of an action under  28 U.S.C. § 1404(a), which is the authority cited by defendants for changing venue in this matter.  The court recognizes the merit of defendants' argument on promoting convenience to the parties and witnesses.  However, in the court's experience, almost all inmate §1983 cases are

---

[1]  Plaintiff opposed defendants' motion (Doc. # 18) and defendants replied (Doc. # 28).

MINUTES OF PROCEEDINGS
3:13-cv-00202-MMD-WGC
Date: March 3, 2014
Page 2

disposed of without any personal appearances by the parties, or even personal appearances by counsel.  Given the rare occasions in which a prisoner civil rights action pursuant to 42 U.S.C. § 1983 reaches trial, a transfer would not properly serve the interest of justice at this time.

The court further notes that a motion for change of venue under 28 U.S.C § 1404(a) requires that the district or division to which defendants seek to have the action transferred be one in which the action might have been brought at the outset.  Defendants seek to transfer this case to the Southern Division which, under LR IA 8-1(a), would not have been the appropriate division to have commenced this action.  Without reaching a conclusion with respect whether this action could, in light of § 1404(a), even be transferred to the Southern Division, the court expresses its skepticism about whether defendants' motion satisfies this requirement.

Finally, the court views a request to transfer the matter to the Southern Division on the convenience of witness and expense of travel considerations would be more appropriate at a point in time after dispositive motions are resolved and the matter appears to be proceeding to trial.

Therefore, exercising the court's broad discretion when deciding Section 1404 motions, defendants' Motion for Change of Venue (Doc. # 13) is **DENIED without prejudice**.  Should this matter survive dispositive motions and appears to be headed toward trial, the court will entertain and reconsider a new motion for change of venue.

The parties are encouraged to revisit informal settlement discussions.  If appropriate, the parties may seek leave of this court to schedule a settlement conference.

**IT IS SO ORDERED.**

10:29 a.m.  Count adjourns.

LANCE S. WILSON, CLERK

By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk