UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE SMITH, | 3:13-cv-00202-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | |
| HOMES, et. al., | |
| Defendants. | |

The U.S. Marshal filed two returns of service regarding unsuccessful attempts to serve defendant Cheryl Burson. (Docs. # 44, # 46.) The last known address for Ms. Burson was filed under seal and was a physical address. (Doc. # 12, Doc. # 14.) The latest service return stated that Ms. Burson had "moved out of the country." (Doc. # 46.) On May 5, 2014, the court issued an order directing Defendants to attempt to verify whether the last known address filed under seal for Ms. Burson (Doc. # 12) reflected the most up-to-date information for this defendant. (*See* Doc. # 47.) On May 15, 2014, Defendants filed an amended last known address for Ms. Burson, which is a post office box. (Docs. # 48, # 49.)

On May 29, 2014, Plaintiff filed a notice stating that the U.S. Marshal had in fact served Cheryl Burson (Doc. # 52); however, no new return of service has been filed indicating that is the case. Assuming service of Ms. Burson has not been accomplished, the court must address how Plaintiff may proceed with respect to service of Ms. Burson.

Federal Rule of Civil Procedure 4(c)(3) provides: "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must do so if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915..." Federal Rule of Civil Procedure 4(e) provides that service upon an individual may be accomplished in any manner contemplated by the law of the

state in which the action is brought or by delivering a copy of the summons and complaint to the individual personally or by leading a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there or giving copies to an agent authorized to receive service of process. Nevada law is consistent with the federal provisions for service on an individual. *See* N. R. C. P. 4(d)(6). Neither the Federal Rules of Civil Procedure nor Nevada Rules of Civil Procedure contemplate service on an individual via a post office box.

As a result, the U.S. Marshal can do nothing further to effectuate service on Ms. Burson, given that her last known address is a post office box. The court has therefore met its obligation under Rule 4(c)(3). It is now incumbent upon Plaintiff to either use other means to locate Ms. Burson's physical address and have her served, and if after exercising due diligence in attempting to serve Ms. Burson personally he is unsuccessful, to proceed with a motion for service by publication under Nevada law.

For Plaintiff's information, Nevada law provides that if "after due diligence" the person the party is seeking to serve cannot "be found within the state" and that fact is made in an affidavit "to the satisfaction of the court or judge thereof" and it appears "either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that the defendant is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of summons." N. R. C. P. 4(e)(1)(i). Publication is made in a "newspaper, published in the State of Nevada...for a period of 4 weeks, and at least once a week during said time." N. R. C. P. 4(3)(1)(iii).

Nevada courts look at several factors in evaluating whether a party seeking service by publication has demonstrated due diligence, including the number of attempts made to serve the defendant at his or her residence and other methods used to locate the defendant, such as consulting public directories. *See Abreu v. Gilmer*, 985 P.2d 746, 747, 115 Nev. 308, 311 (1999); *McNair v. Rivera*, 874 P.2d 1240, 1241, 110 Nev. 463, 464 (1994); *Price v. Dunn*, 787 P.2d 785, 786-87, 106 Nev. 100, 103 (1990).

> In addition:
> [W]here the residence of a[n]...absent defendant is known, the court or judge shall also direct a copy of the summons and complaint to be deposited in the post office, directed to the person to be served at the person's place of residence. The

> service of summons shall be deemed complete in cases of publication at the expiration of 4 weeks from the first publication, and in cases when a deposit of a copy of the summons and complaint in the post office is also required, at the expiration of 4 weeks from such deposit.

N. R. C. P. 4(e)(1)(iii). Plaintiff is further advised that an attempt to serve Ms. Burson by publication will made at his expense.

As such, Plaintiff has an additional **forty-five days** from the date of this Order to serve Ms. Burson. If after the expiration of the forty-five day period, Ms. Burson has not been served or Plaintiff has failed to make a good cause showing as to why service has not been accomplished, Plaintiff is cautioned that Ms. Burson may be dismissed from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED**.

DATED: June 2, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE