# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE SMITH, | 3:13-cv-00202-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | |
| HOMES, et. al., | |
| Defendants. | |

Before the court is Plaintiff's Motion for Sanctions. (Doc. # 56.)[1] Defendants filed a response. (Doc. # 60.) No reply was filed.

## I. BACKGROUND

In this action, Plaintiff was allowed to proceed with a claim for retaliation against defendants Southern Desert Correctional Center (SDCC) SDCC Caseworker Homes, SDCC Associate Warden of Programs C. Burson, and SDCC Warden Brian E. Williams. (Pl.'s Am. Compl., Doc. # 32; Screening Order, Doc. # 5.)[2] Plaintiff alleges that on April 21, 2011, he was transferred to SDCC from High Desert State Prison (HDSP) after he was beaten and denied medical treatment. (Doc. # 32 at 4.) On April 22, 2011, he asserts that he was taken to a review hearing by defendant Homes to be released from solitary confinement; however, once defendant Homes learned that an NDOC officer was being investigated for assaulting Plaintiff, Homes refused to allow Plaintiff to be released into general population and he was held in solitary confinement for three months as a form of punishment. (*Id*.) Plaintiff contends that he contacted defendant Williams about the situation, to no avail. (*Id*. at 4-5.) He further avers that on June 13, 2011, he filed a grievance on the issue that was denied by defendant Burson, confirming

---

[1] Refers to court's docket number.

[2] To date, only defendants Homes and Williams have been served. Plaintiff has been given an additional period of time to effectuate service on C. Burson. (*See* Doc. # 53.)

Williams' policy of violating inmates' civil rights. (*Id*. at 5.)

Defendants filed a motion to dismiss, arguing that Plaintiff previously litigated and settled claims related to an alleged assault occurring at HDSP on March 24, 2011, in 3:12-cv-00024-LRH-VPC, and the terms of the written settlement agreement included a release of all claims provision that bars Plaintiff from asserting his claims in this action.

The court has issued a report and recommendation that the motion to dismiss be denied. (Doc. # 57.)

Plaintiff filed the instant motion seeking to impose sanctions against Defendants under Federal Rule of Civil Procedure 11, arguing that Defendants filed their motion to dismiss based on false information. (Doc. # 56 at 2.) According to Plaintiff, Defendants' claim in the motion to dismiss that Plaintiff previously litigated and agreed to settle all claims related to an alleged assault that occurred in 2012 now bars his claims in this action is not true. (*Id*. at 2-3.) Plaintiff requests that sanctions in the amount of $200 be imposed upon Defendants and paid to Plaintiff. (*Id*. at 4.)

Defendants argue that Plaintiff's motion should be denied because he failed to comply with Rule 11's safe harbor provision by serving a copy of the motion on Defendants twenty-one days before it was filed. (Doc. # 60 at 1-2.) They further assert that Plaintiff's dissatisfaction with his prior settlement agreement is not grounds for imposing sanctions under Rule 11. (*Id*. at 3.)

## II. DISCUSSION

Federal Rule of Civil Procedure 11 states that pleadings, motions or other papers will not be presented to the court for an improper purpose and the contentions contained in such papers will be supported by the law and factual contentions have evidentiary support. Fed. R. Civ. P. 11(b). If the rule is violated, the court may impose appropriate sanctions. Fed. R. Civ. P. 11(c)(1).

Defendants are correct that Rule 11 contains a safe harbor provision which requires a motion for sanctions to be served twenty-one days before it is filed, to allow the asserted violator to correct the impropriety. Fed. R. Civ. P. 11(c)(2). Plaintiff apparently did not serve the motion on Defendants twenty-one days before filing it, in contravention of Rule 11(c)(2). This alone is a

1. basis to deny Plaintiff's motion.

2. In addition, while the court issued a report and recommendation denying the motion to dismiss, the court does not find that the motion was presented for an improper purpose under Rule 11(b). Instead, Defendants advanced an argument with their interpretation of a settlement agreement previously entered into by Plaintiff, and Plaintiff was permitted to argue, as he did, that the settlement agreement does not apply to bar the claims asserted in this action.

For these reasons, the court finds the imposition of sanctions under Rule 11 would be improper. Therefore, Plaintiff's motion (Doc. # 56) is **DENIED**.

**IT IS SO ORDERED**.

DATED: July 7, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE