1
2
3
4
5

6                    UNITED STATES DISTRICT COURT
7                          DISTRICT OF NEVADA
8                                 * * *

9   WILLIE SMITH,                    Case No. 3:13-cv-00202-MMD-WGC
10                     Plaintiff,                  ORDER
11        v.
12   HOMES, et al.,
13                     Defendants.

14

15   Before the Court is the Report and Recommendation of United States Magistrate
16   Judge William G. Cobb (dkt. no. 57) ("R&R") relating to Defendants' Motion to Dismiss
17   (dkt. no. 36). Defendants have filed an objection to which Plaintiff has responded. (Dkt.
18   nos. 61 & 64.)
19   This Court "may accept, reject, or modify, in whole or in part, the findings or
20   recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party
21   timely objects to a magistrate judge's report and recommendation, then the court is
22   required to "make a *de novo* determination of those portions of the [report and
23   recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of
24   Defendants' objection to the Recommendation, the Court engages in a *de novo* review
25   to determine whether to adopt Magistrate Judge Cobb's Recommendation.
26   After Plaintiff's Complaint was screened pursuant to 28 U.S.C. § 1915A, Plaintiff,
27   an inmate in the custody of the Nevada Department of Corrections ("NDOC"), was
28   permitted to proceed on his claim of retaliation. (Dkt. no. 5.) The Complaint alleges that

Plaintiff was transferred to Southern Desert Correctional Center ("SDCC") on April 21, 2011, after he was beaten and denied medical treatment. (Dkt. no. 32 at 4.) The next day, April 22, 2012, Defendant Homes took Plaintiff to a review hearing to be released from solitary confinement. But Homes refused to allow Plaintiff to be released into SDCC's general population after Homes learned that an NDOC correctional officer was being investigated for "assaulting" Plaintiff. (*Id.*) Plaintiff alleges that as retaliation, he was held in solitary confinement for three months. (*Id.*)

Defendants moved to dismiss Plaintiff's Complaint, arguing that the release provision ("Release") in a previous settlement in case no. 3:12-cv-00024-LRH-VPC ("Settled Action") bars Plaintiff's claim. In the Settled Action, the parties participated in a court-ordered mediation where they agreed to settle, and where the terms of the settlement were stated for the record. Defendants then prepared a written settlement agreement, which Plaintiff refused to sign, claiming he had entered into the settlement under duress. Defendants moved to enforce the settlement agreement. After reviewing the record and listening to the tape recording of the mediation proceeding, Magistrate Judge Cooke found that a settlement was reached. (Settled Action, dkt. no. 17.) Magistrate Judge Cooke identified the terms stated on the record at the mediation. (*Id.* at 2.) She noted that the mediator asked if the parties agreed to the terms as recited and whether there were any additional terms that should be added. (*Id.*) The parties indicated that they agreed and that they did not have any additional terms to add. (*Id.*) Magistrate Judge Cooke further found no evidence of duress or pressure on Plaintiff to settle. (*Id.* at 4.) Based on this record, Magistrate Judge Cooke found that the parties agreed to the material terms and that the settlement was complete. (*Id.*) She recommended that Judge Hicks ratify the settlement agreement and grant Defendants' motion to enforce the settlement. (*Id.* at 5.) Judge Hicks adopted her recommendation. (Settled Action, dkt. no. 18.) The Ninth Circuit recently affirmed, finding that the district court "did not abuse its discretion by enforcing the settlement agreement in light of its

///

finding that Smith entered into the agreement on the record before a neutral mediator."[1] (Settled Action, dkt. no. 40 at 2.) The Ninth Circuit also affirmed the finding that Plaintiff "was not under duress when he expressed this agreement to the terms of the settlement." (*Id.*)

In the R&R, Magistrate Judge Cobb found that the Release was not part of the settlement between the parties in the Settled Action. He reached this conclusion after applying Nevada law in his interpretation of the settlement agreement. (Dkt. no. 57 at 10-13.) The Court agrees with the Magistrate Judge's well-reasoned and thorough analysis.

There is no dispute that the Release is not one of the settlement terms stated on the record at the court-ordered mediation.[2] In their objection, Defendants argue that because the Court ratified and attached to its order the written agreement that Defendants prepared, the Release is part of the settlement agreement in the Settled Action. (Dkt. no. 61 at 4.) However, the Release was not at issue in the Settled Action — the issues before the Court in that case were whether a binding agreement was reached and whether Plaintiff acted under duress. After listening to a recording of the settlement terms stated on the record at the mediation, Magistrate Judge Cooke concluded that those terms were material and that the parties assented to them. (Settled Action, dkt. no. 17 at 2-4.) In fact, when the mediator asked whether additional terms should be placed on the record, counsel for Defendants replied that there was nothing more. (*Id.* at 2.)

///

---

[1] The Ninth Circuit issued its memorandum disposition after Magistrate Judge Cobb issued the R&R, but the Ninth Circuit's decision does not affect the reasoning supporting the R&R.

[2] The settlement terms stated on the record are set forth in the R&R (dkt. no. 57 at 7) and in the Magistrate Judge's Report and Recommendation in the Settled Action (Settled Action, dkt. no. 17 at 2.) As Magistrate Judge Cobb aptly noted, Defendants did not point out in their motion to dismiss that the Release contained in their written agreement was not one of the terms recited on the record before the mediator in the Settled Action. (Dkt. no. 57 at 11.)

3

Defendants appear to want to have it both ways. In the Settled Action, they argued that the parties had agreed to all material terms on the record before the mediator; the Court agreed with Defendants and found the settlement on the record to be binding. (Settled Action, dkt. nos. 17 & 18.). Yet, in this case, Defendants attempt to supply an additional term — the Release — that was neither stated nor agreed to on the mediation record as part of the settlement in the Settled Action. However, under Nevada law, "[a] valid contract cannot exist when material terms are lacking," and "release terms are generally thought to be material to any settlement agreement." *May v. Anderson*, 119 P.3d 1254, 1257-58 (Nev. 2005) (agreeing with other courts that "an enforceable settlement agreement cannot exist when the parties have not agreed to the essential terms of the release because these provisions constitute a material term of the settlement contract"). If, as Defendants now contend, the Release was an essential term of the settlement in the Settled Action, then the parties did not reach a meeting of the minds on all material terms because the terms stated on the record did not include the Release or any variation of it. Because Defendants took the position that the settlement reached at the mediation was complete, they are now estopped from taking a contrary position in an attempt to supplement the terms of the agreement in the Settled Action.

Viewing the facts and drawing all inferences in the light most favorable to Plaintiff as the non-moving party, the Court agrees with the Magistrate Judge that the Release was not an essential term of the settlement agreement in the Settled Action. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

It is therefore ordered, adjudged, and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (dkt. no.57) be accepted and adopted in its entirety. Defendants' Motion to Dismiss (dkt. no. 36) is denied.

DATED THIS 26th day of September 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4